James H. Holman, ISB 2547
Jacob S. Wessel, ISB #7529
THOMSEN STEPHENS LAW OFFICES, PLLC
2635 Channing Way
Idaho Falls, ID 83404
Telephone (208) 522-1230
Fax (208) 522-1277
jwessel@thomsenstephenslaw.com

Attorneys for Plaintiffs Daniel Beltran, Cipriano Morales, Jaime Vela and Sheldon Johnson

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DANIEL BELTRAN, CIPRIANO MORALES JAIME VELA AND SHELDON JOHNSON<br><br>Plaintiffs<br><br>v.<br><br>UNITED SUBCONTRACTORS, INC. d/b/a BOB'S INSULATION and SUPERIOR INSULATION,<br><br>Defendants. | Civil Action No. CV-10-572<br><br>COMPLAINT |

Plaintiffs Daniel Betran, Cirpiano Morales, Jaime Vela, and Sheldon Johnson, for cause of action against defendant United Subcontractors, Inc, d/b/a Bob's Insulation and Superior Insulation, state and allege as follows:

1. This court has jurisdiction pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standards Act of 1938 and 28 U.S.C. 1331.

2. Plaintiffs Daniel Beltran and Jaime Vela are residents of Bonneville County, Idaho.

3. Plaintiff Sheldon Johnson is a resident of Bingham County, Idaho.

1 -   COMPLAINT

4. Plaintiff Cipriano Morales is a resident of Jefferson County, Idaho.

5. All plaintiffs worked for defendant United Subcontractor, Inc, d/b/a Bob's Insulation and/or Superior Insulation in Bonneville County, Idaho.

6. Defendant United Subcontractors, Inc, d/b/a Bob's Insulation and Superior Insulation is a Utah corporation registered to do business in the State of Idaho. Defendant employed plaintiffs to work at its place of business in Idaho Falls, Bonneville County, Idaho.

7. Defendant United Subcontractors, Inc, d/b/a Bob's Insulation and Superior Insulation is an employer within the meaning of 29 U.S.C. § 203(d) and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1), Fair Labor Standards Act of 1938.

8. On or about the 1st day of June, 2008, defendant employed plaintiffs Daniel Beltran and Cipriano Morales as insulation installers. Defendant employed plaintiff Sheldon Johnson starting on or about the 1st day of September, 2008. Defendant employed plaintiff Jaime Vela starting on or about the 17th day of September, 2008. Plaintiffs' duties included installation of insulation in commercial and residential buildings. At all times relevant hereto plaintiffs were engaged in commerce or in the production of goods for commerce, or were employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206 and 207, Fair Labor Standards Act of 1938.

9. At no time during the course of their employment were plaintiffs "exempt employees" within the meaning of 29 U.S.C. § 213, Fair Labor Standards Act of 1938.

10. During the course of plaintiffs' employment, defendant paid plaintiffs a wage which constituted plaintiffs' regular rate of pay within the meaning of 29 U.S.C. § 207(e), Fair Labor

Standards Act of 1938. From the date they began employment with defendant until the present in the case of plaintiffs Daniel Beltran, Cipriano Morales, and Jaime Vela, plaintiffs were paid on a piece rate basis depending on the amount of insulation they installed. Plaintiffs Daniel Beltran, Cipriano Morales, and Jaime Vela are currently employed by defendant. From the date he began employment with the defendant until on or about July 29, 2010 defendant paid plaintiff Sheldon Johnson on a piece rate basis depending on the amount of insulation he installed. Plaintiffs Cipriano Morales and Sheldon Johnson each had periods of time when they were paid on a salary or hourly basis because they were the production managers.

11. During the course of the plaintiffs' employment with defendant, defendant regularly and consistently required plaintiffs, as a condition of continued employment, to work in excess of 40 hours per week. Notwithstanding the fact that defendant required plaintiffs to regularly and consistently work in excess of forty hours per week, defendant failed to pay plaintiffs overtime compensation as required by 29 U.S.C. § 207(a)(1), Fair Labor Standards Act of 1938.

12. On or about October 1, 2008, plaintiffs' supervisor, Rogue Stierle initiated what he called the "40 Plan." The "40 Plan" consisted of the following:

A. Plaintiffs worked on average 55 to 60 hours each week, and Plaintiffs' supervisor, Rogue Stierle directed plaintiffs to only report 40 hours of work each week.

B. Rogue Stierle promised plaintiffs that if they reported only 40 hours per week, he would pay them their overtime compensation at the end of the year.

13. Defendant failed to pay plaintiffs overtime compensation as required by 29 U.S.C. § 207(a)(1), Fair Labor Standards Act of 1938 at the end of the year or at any other time.

3 -   COMPLAINT

14. Defendant's failure to pay overtime compensation to plaintiffs is a violation of 29 U.S.C. § 207(a)(1), Fair Labor Standards Act of 1938. Pursuant to 29 U.S.C. § 216(b), plaintiffs are entitled to recover from defendant the amount of the unpaid overtime compensation and an additional equal amount as liquidated damages.

15. Defendant's violation of 29 U.S.C. § 207(a)(1) was a willful violation within the meaning of 29 U.S.C. § 255(a).

16. Pursuant to 29 U.S.C. § 216(b), plaintiffs are entitled to recover from defendant plaintiffs' reasonable attorney fees incurred in this action as well as costs of the action.

17. During the course of their employment with defendant, defendant regularly required Plaintiffs to travel to and from jobs that were out of town.

18. Defendant regularly failed to pay plaintiffs for time traveling to and from jobs.

19. During the course of his employment with defendant, defendant regularly changed the rate of plaintiff Jaime Vela's pay after he had performed work for defendant, paying plaintiff less than defendant had agreed to pay Mr. Vela.

20. Defendant's failure to pay wages violates Idaho's Wage Claim statutes, Idaho Code Idaho Code § 45-601, *et seq.* Pursuant to Idaho Code § 45-615 plaintiffs are entitled to an award of treble damages on wages defendants owe plaintiff in an amount to be proven at trial.

21. In the alternative to a wage claim, plaintiff Jaime Vela is entitled to damages for breach of employment contract.

22. Pursuant to Idaho Code §§ 12-120, 12-121, 45-615, plaintiffs are entitled to recover from defendant plaintiffs' reasonable attorney fees incurred in this action as well as costs of the action.

23. This Court has jurisdiction over plaintiffs' state law claims pursuant to 28 U.S.C. 1367 because the state law claims are so related to plaintiffs' federal law claims that they form part of the same case or controversy.

Wherefore, plaintiffs pray the judgment, order and decree of this court as follows:

1. For an award of damages in the amount of plaintiffs' unpaid overtime wages, in accordance with 29 U.S.C. § 216(b), in an amount to be proven at trial;

2. For an award of damages in an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b);

3. For plaintiffs' reasonable attorney fees and costs incurred herein pursuant to 29 U.S.C. § 216(b);

4. For an award of treble damages on wages defendant owes plaintiff Jaime Vela in an amount to be proven at trial pursuant to Idaho Code Title 45, Chapter 6 and other applicable statutes;

5. In the alternative to a wage claim, plaintiff Jaime Vela prays for damages for breach of employment contract.

6. For costs and attorney fees incurred in pursuing said wage claims pursuant to Idaho Code §§ 12-120, 12-121, 45-615 and other applicable statues; and

7. For such other and further relief as the court deems just and proper.

DATED this 17 day of November, 2010.

THOMSEN STEPHENS LAW OFFICES, PLLC

By: _____
Jacob S. Wessel, Esq.

5 - COMPLAINT

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury.

DATED this 17 day of November, 2010.

                              THOMSEN STEPHENS LAW OFFICES, PLLC

                              By: _____
                                    Jacob S. Wessel, Esq.

JSW
7680\001 Complaint