Howard D. Burnett, ISB No. 3377
HAWLEY TROXELL ENNIS & HAWLEY LLP
333 South Main Street
P.O. Box 100
Pocatello, Idaho 83204
Telephone: (208) 233-0845
Facsimile: (208) 233-1304
E-mail: hburnett@hawleytroxell.com

Steven R. Anderson, MN Atty No. 2380
Thomas W. Carroll, CO Atty No. 41438
FAEGRE & BENSON LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota 55402
Telephone: (612) 766-7000
Facsimile: (612) 766-1600
E-mail: sanderson@faegre.com
       tcarroll@faegre.com

Attorneys for Defendant United Subcontractors, Inc.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DANIEL BELTRAN, CIPRIANO MORALES, JAIME VELA and SHELDON JOHNSON,<br><br>    Plaintiffs,<br><br>vs.<br><br>UNITED SUBCONTRACTORS, INC. d/b/a BOB'S INSULATION and SUPERIOR INSULATION,<br><br>    Defendant. | Case No. 4:10-cv-00572-MHW<br><br>**STIPULATION FOR APPROVAL OF SETTLEMENT AND DISMISSAL** |

Plaintiffs Daniel Beltran, Cipriano Morales, Jaime Vela, and Sheldon Johnson ("Plaintiffs") and Defendant United Subcontractors, Inc. ("Defendant") (collectively, the "Parties") hereby stipulate as follows:

1. This case concerns claims by Plaintiffs that they are entitled to unpaid wages under the federal Fair Labor Standards Act ("FLSA") and the Idaho Wage Statutes, Idaho Code § 45-601 *et seq.* (the "Idaho Wage Statutes"). Plaintiff Morales also asserted a claim for retaliation under the FLSA and Plaintiff Vela also asserted a claim for breach of contract. Plaintiff Beltran has separately brought a charge of discrimination against Defendant before the Idaho Human Rights Commission and the United States Equal Employment Opportunity Commission alleging discrimination under Title 67, Chapter 59, of the Idaho Code, Title VII of the Civil Rights Act, and the Americans with Disabilities Act (the "Charge").

2. On July 12, 2011, United States Magistrate Judge Larry M. Boyle conducted a settlement conference at which all Parties and their counsel appeared (the "Settlement Conference").

3. The Parties reached a compromise to resolve this action and the Charge pursuant to the terms set out in a Confidential Settlement Agreement ("Agreement"). This Agreement has been submitted to the Court for its *in camera* review. The Agreement provides for the following payments to Plaintiffs. First, the Agreement provides that Defendant will pay Plaintiff Beltran a specified amount for alleged unpaid wages and a specified amount for alleged emotional distress damages related to the Charge. Second, the Agreement provides that Defendant will pay Plaintiff Morales a specified amount for alleged unpaid wages and a specified amount for alleged compensatory damages related to his retaliation claim. Third, the Agreement provides that Defendant will pay Plaintiff Vela a specified amount for alleged unpaid wages and for alleged breach of contract. Fourth, the Agreement provides that Defendant will pay Plaintiff Johnson a specified amount for alleged unpaid wages. Additionally, the Agreement sets forth amounts to be paid to Plaintiffs' attorneys for attorneys' fees in representing each

Plaintiff, includes a release of all claims by each Plaintiff, and contains a confidentiality provision. The Parties' obligations under the Agreement are conditioned on the Court's approval.

4. When employees bring a private action under the FLSA, the action may be resolved by a stipulated judgment entered by a court that has determined that the proposed settlement is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. *See Lynn's Food, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982); *Almodova v. City & Cnty. of Honolulu*, No. 07-00378 DAE-LEK, 2010 U.S. Dist. LEXIS 33199, *16-19 (D. Haw. Mar. 31, 2010) (discussing court approval of FLSA settlements in courts of the Ninth Circuit). If the settlement reflects a "reasonable compromise over issues, such as computation of back wages that are actually in dispute," the Court may "approve the settlement in order to promote the policy of encouraging settlement in litigation." *Lynn's Food*, 679 F.2d at 1354.

5. Plaintiffs and Defendant respectfully request that the Court approve the agreed-upon terms of the proposed settlement. Plaintiffs and Defendant believe that the terms of the proposed settlement are fair and reasonable.

6. Although there is no set list of factors to consider in determining whether an FLSA settlement is fair and reasonable, "[s]ome courts have applied the factors for approval of class action settlements by analogy." *Almodova*, 2010 U.S. Dist. LEXIS 33199 at *18. Those factors include:

> the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

STIPULATION FOR APPROVAL AND DISMISSAL – PAGE 3

*Id.* at *18-19 (citing *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998)). The "majority of the factors are relevant" in evaluating FLSA settlements. *Id.* at *19.

7. The Agreement reflects a reasonable compromise of the disputed issues involved in this lawsuit, such as whether Plaintiffs worked any overtime hours, and if so, the number of hours Plaintiffs actually worked during the time period within the applicable statute of limitations. Plaintiffs and their counsel formulated their own proposed settlement figures based on their alleged hours worked during the applicable limitations period and their alleged damages for their other claims. The Parties then engaged in the Settlement Conference, basing the negotiations upon their independent calculations. The Parties voluntarily agreed to the terms of their settlement during the Settlement Conference. Even if Plaintiffs were to prevail at trial, which is by no means certain, their recovery of actual damages on their FLSA and Idaho Wage Statutes claims may not be significantly greater (if at all greater) than the proposed settlement amounts. Additional litigation would likely increase Plaintiffs' costs substantially, with the possibility of little corresponding increase in the asserted damages paid. Defendant maintains that Plaintiffs are entitled to no additional wages whatsoever. If Defendant prevailed in this litigation, a possible outcome, Plaintiffs would not recover any damages whatsoever under their asserted claims.

8. The Parties' agreement to resolve this matter is not the result of any fraud or collusion by, between, or among any of the Parties or their counsel. The Parties' respective attorneys have zealously represented their clients' interests since the commencement of this litigation. Counsel and the Parties have determined that continued litigation would be inefficient in light of the amount in controversy and the projected additional costs of litigation.

STIPULATION FOR APPROVAL AND DISMISSAL – PAGE 4

9. Plaintiffs allege unpaid overtime wages due under the FLSA. Plaintiffs are not assured of success on any of these claims. In order to prevail, Plaintiffs would be required to prove before a jury that they worked more than 40 hours in certain workweeks and that for such workweeks Defendant failed to compensate them for hours worked over 40. The outcome of such arguments would not be ensured at trial.

10. In order for Plaintiffs to attempt to prove their asserted claims, Plaintiffs would need to expend considerable additional time and resources, as would Defendant in defending against such claims. Accordingly, the Parties have concluded that the additional costs associated with litigating these issues at trial could possibly exceed the potential value of Plaintiffs' claims in dispute.

11. The Agreement is in the best interests of all the Parties and has been accepted and executed by all of the Parties.

12. Given the relevant factors, the settlement is fair and reasonable under the FLSA and the Idaho Wage Statutes. Therefore, the Parties respectfully request that the Court approve the terms of the settlement.

13. The Parties further request that the Court dismiss this action with prejudice, on the merits, and without awarding fees and costs to any party, except as otherwise provided in the Agreement.

14. Neither this Stipulation nor the proposed Order for Approval of Settlement and Dismissal submitted to the Court is intended to constitute an admission or concession by Defendant of any liability or wrongdoing.

DATED: July 22, 2011

THOMSEN STEPHENS LAW OFFICES, PLLC

By: _____
Jacob S. Wessel, ISB No. 7529
James D. Holman, ISB No. 2547
2635 Channing Way
Idaho Falls, Idaho 83404
Telephone: (208) 522-1230
Fax: (208) 522-1277
jwessel@ts-lawoffice.com

Attorneys for Plaintiffs

DATED: July 28, 2011

HAWLEY TROXELL ENNIS & HAWLEY LLP
Howard D. Burnett, ISB No. 3377

FAEGRE & BENSON LLP

By: _____
Steven R. Anderson, MN Atty No. 2380
Thomas W. Carroll, Co Atty No. 41438

Attorneys for Defendant United Subcontractors, Inc.

fb.us.7053744.02

STIPULATION FOR APPROVAL AND DISMISSAL – PAGE 6